UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KRISTEN WALTER | CIVIL ACTION NO. 15-1938 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JASON BULLOCK AND JPS AVIATION, LLC | MAGISTRATE KAREN L. HAYES |

**MEMORANDUM RULING**

Before the Court is Defendant Jason Bullock's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Record Document 4) regarding Plaintiff Kristen Walter's ("Walter") allegations in her Complaint (Record Document 1) under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* For the reasons which follow, Defendant's 12(b)(6) Motion to Dismiss is **GRANTED**.

**FACTUAL BACKGROUND**

Defendant JPS Aviation, LLC ("JPS") is a Louisiana limited liability company in Ouachita Parish, Louisiana, engaged in the business of conducting chartered flights out of Monroe, Louisiana. In February 2012, Walker began employment with JPS as a Charter Coordinator, a job that involved scheduling chartered flights and handling correspondence related to those flights. She later became an Aviation Sales Representative in April, 2013.

Defendant Jason Bullock ("Bullock") is the son of the owner of JPS, Paul Bullock. In March 2013, Bullock became President/Chief Operations Officer of JPS as well as Walter's supervisor. According to Walter, Bullock subjected Walter to "an ongoing campaign of sexual harassment . . . from the time that Bullock came to JPS." Record

Document 1 at 4. This campaign of unwelcome advances consisted of "inappropriate and unwelcome sexual advances and comments to and about Ms. Walter, and [Bullock] often commented on her looks in suggestive statements." Id. In her Complaint, Walter details several instances of Bullock's actions, some of which occurred in front of other employees of JPS. See id. at 4-6.

Walter alleges that in June 2013, she first reported Bullock's alleged sexual harassment to her immediate supervisor. This supervisor reported the complaint to Paul Bullock, but Paul Bullock dismissed the complaint without taking any actions. Walter also reported the harassment to JPS's Director of Business Development, but again neither JPS nor anyone else at the company took any actions to remedy the situation. Eventually, JPS terminated Walter's employment, allegedly in retaliation for her complaints of sexual harassment. Walter obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission on March 3, 2015, and she filed this suit alleging violations of 42 U.S.C. § 2000e, *et seq.* on June 22, 2015.

## LAW AND ANALYSIS

**I.    Legal Standards.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

**II. Analysis.**

42 U.S.C. § 2000e(b) defines an "employer" for the purposes of suits under Title VIII of the Civil Rights Act of 1964. An "employer" under the Act is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). In his motion to dismiss, Bullock

argues that he does not qualify as an "employer" under this definition such that he can be held individually liable under Title VII.

Though the statutory language alone seems to indicate that an "agent" of a business that has at least fifteen employees also counts as an "employer," courts have interpreted this definition such that there is no individual liability under Title VII. In Indest v. Freeman Decorating, Inc., 164 F.3d 258, 260-261 (5th Cir. 1999), the plaintiff filed suit under Title VII against both her former employer and the executive of the employer who had committed the harassment. The district court granted a 12(b)(6) motion to dismiss the individual defendant, and the Fifth Circuit affirmed this decision. See id. at 262. In affirming the dismissal, the court stated that "while Title VII defines the term employer to include 'any agent' of an employer . . . this circuit does not interpret the statute as imposing individual liability for such a claim." Id. Rather, "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate respondeat superior liability into Title VII . . . thus, a Title VII suit against an employee is actually a suit against the corporation." Id.; see also Wathen v. GE, 115 F.3d 400, 404 (6th Cir. 1997) (explaining that a majority of circuits have interpreted Title VII in this way). Because of this interpretation, "a party may not maintain a suit against both an employer and its agent under Title VII." Id.

Walter alleges that Bullock was the President/Chief Operations Officer at JPS Aviation, LLC and her supervisor. See Record Document 1 at 3. Taking these facts as true, as the Court must under the 12(b)(6) standard, the suit against Bullock must be dismissed. Walter's pleaded facts establish that Bullock was an employee of JPS Aviation, LLC such that JPS may be held liable for his actions, but in light of the Fifth

Circuit's interpretation of an "employer" under Title VII, he may not be held individually liable in a Title VII action. Bullock's Rule 12(b)(6) Motion to Dismiss is therefore **GRANTED**.

## CONCLUSION

The Court finds that dismissal of Walter's claims under 42 U.S.C. § 2000e, *et seq.* against Bullock under Rule 12(b)(6) is appropriate because the statute does not impose individual liability upon the employee responsible for a violation of the statute's provisions, but rather only imposes liability upon the employer. Bullock's Rule 12(b)(6) motion is therefore **GRANTED**, and any and all claims asserted against Bullock are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE