UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KRISTEN WALTER** | * | **CIVIL ACTION NO. 15-1938** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS, JR.** |
| **JASON BULLOCK, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to tax attorneys' fees [doc. # 45] filed by defendants, Jason Bullock and JPS Aviation, L.L.C. Plaintiff Kristen Walter objects to the amount requested. [doc. # 47]. For reasons stated below, it is recommended that defendants' motion be GRANTED IN PART, and that defendants be awarded attorney's fees in the amount of $1,645.

### Background

On June 22, 2015, Kristen Walter filed the instant suit under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., against defendants, Jason Bullock and JPS Aviation, L.L.C. Walter alleged that defendants had subjected her to unlawful sexual harassment in employment and retaliatory discharge.

On May 18, 2016, defendants filed the first of two motions for summary judgment, seeking dismissal of plaintiff's claims. [doc. # 17]. On June 8, 2016, plaintiff filed her opposition to the initial motion for summary judgment, to which she attached her affidavit that contradicted, in material part, her prior deposition testimony. [doc. #s 22-23]. The next day, defendants filed a motion to strike plaintiff's opposition memorandum and Walter's affidavit, together with a request for attorney's fees under Rule 56(h) of the Federal Rules of Civil

Procedure. [doc. # 24]. On June 10, 2016, defendants filed a reply brief in support of their motion for summary judgment. [doc. # 25].

On January 10, 2017, the District Court granted defendants' first motion for summary judgment, and dismissed plaintiff's claims, in their entirety. (Mem. Ruling and Judgment [doc. #s 43-44]). In addition, the court granted defendants' motion to strike Walter's affidavit (and amended affidavit) and granted defendants' associated request for attorney's fees "limited to those incurred in drafting the Motion to Strike [doc. # 24] and [defendants'] Reply Memorandum in Support of [their] Motion for Summary Judgment [doc. # 25]. (Judgment [doc. # 45]). The court referred the determination of the amount of the fees to the undersigned. *Id*.

On February 10, 2017, pursuant to the judgment, defendants filed the instant motion to tax attorney's fees in the amount of $1,785.00. Plaintiff filed her opposition memorandum on March 6, 2017. [doc. # 47]. Defendants did not file a reply, and the time to do so has lapsed. *See* Notice of Motion Setting. [doc. # 46]. Thus, the matter is ripe.

## Analysis

The District Court awarded fees pursuant to Rule 56(h), which provides for "reasonable expenses, including attorney's fees . . ." Fed.R.Civ.P. 56(h). The Fifth Circuit applies a two-step method for deriving a reasonable attorney's fee award. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir.2016). Specifically,

> [t]he court must first calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. In calculating the lodestar, [t]he court should exclude all time that is excessive, duplicative, or inadequately documented. Though the lodestar is presumed reasonable, the court may enhance or decrease it based on the twelve *Johnson* factors. The court must provide a reasonably specific explanation for all aspects of a fee determination.

*Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir.2016) (internal citations and

quotation marks omitted).[1]

I. **Determination of the Lodestar**

Defendants seek attorneys' fees of $1,785.00. This sum is based on 9.4 hours of work performed by attorney Lamar Walters, III, at an hourly billing rate of $175, plus .7 hours of work by attorney Michael L. DuBos at an hourly billing rate of $200.

a) <u>Reasonable Hourly Rate</u>

The first step for this court, in calculating the lodestar amount, is to determine the appropriate hourly rate to be used in the calculation. *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part*, 903 F.2d 352 (5th Cir. 1990). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). The relevant legal market is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). In this case, that community is northern Louisiana. The reasonable hourly rate for a particular community can be established through affidavits of other attorneys practicing in that community, or by reference to rates awarded in prior cases. *Entm't Software Ass'n v. Foti*, No. 06-431, 2007 U.S. Dist. LEXIS 46381, at *10 (W.D. La. Apr. 10, 2007).

Here, defendants propose an hourly rate of $175 for work performed by Lamar Edwards,

---

[1] The 12 *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).

III, and an hourly rate of $200 for work performed by Michael L. Dubos.[2] Plaintiffs contend that defendants' proposed hourly rates are excessive. In support, they cite a twelve year old decision from this court's Alexandria division that approved hourly attorney rates ranging from $115 to $140. *Butler v. Rapides Found.*, 365 F. Supp.2d 787, 795 (W.D. La. 2005).

In 2009, however, the undersigned approved an hourly rate of $215 for a veteran Shreveport attorney with 20 years of experience who successfully prosecuted an employment discrimination case in the Monroe Division. *See City of Monroe v. Otwell*, Civ Action No. 09-0394, 2009 WL 2146482 (W.D. La. July 17, 2009). More recently, the undersigned recommended an hourly rate of $175 for work performed in social security disability appeals. *Montgomery v. Colvin*, Civ. Action No. 14- 3120, 2016 WL 4705730, at *2 (W.D. La. Aug. 16, 2016), R&R adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016).[3]

Accordingly, upon consideration of the limited evidence submitted, hourly rates approved in other cases, and the pertinent *Johnson* factors, the undersigned concludes that defendants' requested hourly rates are reasonable.

b) <u>Number of Hours Reasonably Expended</u>

The second step in calculating the lodestar amount requires the court to determine the number of hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party requesting fees has the burden of establishing this number. *Id.* at 437. The court may

---

[2] Dubos has practiced law since 1995, Edwards since 2007. (Edwards Affidavit; M/Tax Fees, Exh. 1).

[3] Even if this court were to find that the requested hourly rates exceed the customary fee for this area, which it does not, that finding would not necessarily require the court to decrease the rate. *See Neely v. Grenada*, 624 F.2d 547, 529 (5th Cir. 1980) (explaining that the customary fee is not an inflexible maximum).

reduce the award if the documentation of hours is inadequate or if the hours are "excessive, redundant, or otherwise unnecessary." *Id.* at 433-34.

Defendants submitted counsel's itemized time reports which indicate that Lamar Walters expended 9.4 hours to research, draft, revise, and file the motion to strike and reply memorandum at issue. In addition, defendants seek to recover .7 hours of Mr. Dubos's time that he spent to review and analyze plaintiff's opposition to defendants' first motion for summary judgment. Plaintiffs solely object to Mr. Dubos's time on the basis that there was no need for him to review the documents, and therefore, it was excessive or redundant.

Having reviewed the itemized time reports, the court will sustain plaintiff's objection to Mr. Dubos's claimed time, on the slightly different basis that his description of the work performed was to review plaintiff's opposition memorandum. The District Court, however, declined to strike plaintiff's opposition memorandum. Furthermore, the Court limited its attorney fee award to that incurred in drafting the motion to strike and defendants' reply memorandum. In short, defendants have not established that Mr. DuBos's work was reasonably expended for the two limited purposes that the court awarded fees.

Accordingly, the undersigned finds that 9.4 hours were reasonably expended by defense counsel on the matters at issue. Thus, the lodestar amount is $1,645 ($175/hr. x 9.4 hours).

**II.   Reasonableness of the Lodestar Amount**

The court now applies the remaining *Johnson* factors to determine if the lodestar amount should be adjusted. The court may not double count any *Johnson* factor that was taken into account in calculating the lodestar amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of

other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565; *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22.

The record in this case does not support an adjustment of the lodestar amount based on the remaining *Johnson* factors. For example, there is no evidence that the case was particularly undesirable. Nor does the nature of the professional relationship between defendants and counsel indicate that an adjustment should be made. Finally, the parties do not urge any adjustment.

## Conclusion

For the aforementioned reasons,

IT IS RECOMMENDED that the motion to tax attorneys' fees [doc. # 45] filed by defendants, Jason Bullock and JPS Aviation, L.L.C. be GRANTED IN PART, and that fees be awarded in favor of defendants and against plaintiff Kristen Walter in the amount of $1,645.

IT IS FURTHER RECOMMENDED that the motion [doc. # 45] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 14th day of March 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE